UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWAYNE GEE,

    Plaintiff,

v.

EXPERIAN INC.,

    Defendants.

_____/

Case No.  4:25-cv-11550
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 31)**[1]

I.    Introduction

This is a consumer rights case. Plaintiff Dewayne Gee, proceeding *pro se*, is suing defendant Experian Inc. alleging that it violated the Fair Credit Reporting Act (FRCA) by reporting inaccurate information on his credit report. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 26).

Before the Court is Gee's motion for summary judgment. (ECF No. 31).

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

Experian filed a response, (ECF No. 33), and the time for a reply has passed. For the reasons set forth below, it is RECOMMENDED that Gee's motion be DENIED WITHOUT PREJUDICE as premature.

## II. Background

Gee filed his original complaint on May 27, 2025. (ECF No. 1). On September 3, 2025, one day after Experian filed its answer, the Court ordered the parties to submit a discovery plan. (ECF No. 19). Then, on September 9, 2025, Gee filed his first amended complaint, which Experian answered on September 25, 2025. That day, the Court also entered a scheduling order setting the deadline for discovery as April 13, 2026, and the due date for dispositive motions as June 8, 2026, in accordance with the parties' discovery plan. (ECF No. 24).

On November 25, 2025, Gee filed the instant motion for summary judgment, arguing that there is no genuine issue of material fact that Experian violated the FCRA and he is entitled to damages. (ECF No. 31). Experian filed a response, arguing that the motion is premature because discovery is ongoing. (ECF No. 33).

## III. Legal Standards

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing

2

law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

The fact that Gee is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law."  *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  Additionally, where, as here, a plaintiff seeks summary judgment on claims for which he bears the burden of proof at trial, he faces a 'significantly higher hurdle.' "  *Horton v. Greene*, No. 16-CV-12715, 2019 WL 1552480, at *2 (E.D. Mich. Apr. 10, 2019) (quoting Arnett v. Myers, 281 F.3d 552, 561 (6th Cir. 2002)).  The summary judgment burden here is "higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56–138 (3d ed. 2000)).

Importantly, "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."  *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D.

3

Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's . . . affidavit and request or on the court's own initiative without an explicit request from the opposing party."). This principle has been upheld by numerous judges in this district. *See, e.g.*, *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (denying without prejudice the defendants' motion for summary judgment when it was filed less than a month after the complaint and before any discovery had taken place).

IV. Discussion

Here, Gee filed his motion for summary judgment before the close of discovery. Indeed, discovery has just begun, and it does not close until April 13, 2026. The parties clearly have not had an opportunity to establish the record sufficient to consider a summary judgment motion. Moreover, under Rule 56(d), a party may submit an affidavit stating that the party cannot, for reasons stated in the affidavit, present facts essential to justify the party's opposition. *See* Fed. R. Civ. P. 56(d). Experian has done that. *See* ECF No. 33-1, Rule 56(d) Declaration of Jennifer K. Meer, counsel for Experian. In the Declaration, counsel explains that they are awaiting discovery responses from Gee, as well as his deposition, in order to be able to meaningfully respond to Gee's motion.

Courts have found similar early filed summary judgment motions to be

improper. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). Summary judgment motions "filed before the close of discovery [are] often denied as premature in [the Sixth C]ircuit, either on the opposing party's Rule 56[(d)] affidavit and request or on the court's own initiative without an explicit request from the opposing party." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)); *see also Harris v. Jiangsu ASG Earth Env't Prot. Sci. and Tech. Co., Ltd.*, 2014 WL 4661953, at *2-3 (E.D. Ky. Sept. 18, 2014) (collecting cases).

V. Conclusion

For the reasons stated above, it is RECOMMENDED that Gee's motion for summary judgment (ECF No. 31) be DENIED WITHOUT PREJUDICE as premature.

Dated: December 30, 2025　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2025.

                                                 s/Dru Jennings
                                                 DRU JENNINGS
                                                 Case Manager